UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON J. SPIKES                                    CIVIL ACTION

VERSUS                                                    NO. 19-2500

22ND JUDICIAL COURTROOM                  SECTION M (2)

## ORDER & REASONS

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Jason J. Spikes. Spikes is currently serving a twenty-year sentence for possession of contraband in jail that was imposed by the 22nd Judicial District Court for St. Tammany and Washington Parishes, State of Louisiana under docket number 16-CR6-129868. Spikes previously filed habeas petitions in this Court related to that case, which were consolidated and dismissed with prejudice (C/A No. 18-cv-8884 (E.D.La.)). Spikes' current habeas petition relates to an ongoing prosecution against him in the 22nd Judicial District Court for three counts of attempted second-degree murder and one count of possession with intent to distribute cocaine under docket number 14-CR8-126847. Spikes was not in custody with respect to these pending charges when he filed the instant petition, and he has obviously not been convicted of these charges.[1]

Section 2241 grants to "the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). The statute requires "that the habeas petitioner be 'in custody' under the

---

[1] State Court Record, V. 4, Tabs 1-2.

conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Spikes has not been convicted of the charges pending in the 22nd Judicial District Court under docket number 14-CR8-1268947, and he has been ordered released without bail as to those charges while he awaits trial.[2] It is immaterial that Spikes is in custody for a different conviction. For this Court to have subject matter jurisdiction over his habeas petition, Spikes would have to be in custody as to the conviction he challenges. As he is not, this Court lacks subject matter jurisdiction.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Spikes' petition is DISMISSED without prejudice for lack of subject matter jurisdiction.[3]

New Orleans, Louisiana, this 31st day of July, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[2] *Id.*
[3] As a result of this action and to the extent necessary, all of Spikes' pending motions (R. Docs. 7-11, 19-21 & 24) are DISMISSED as moot.